IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

ERNIE HAUGHT, III                                                                PLAINTIFF

v.                                       CIVIL NO. 20-3056

ANDREW M. SAUL, Commissioner
Social Security Administration                                                   DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Ernie Haught, III, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

Plaintiff protectively filed his current application for DIB on September 2, 2017, alleging an inability to work since April 2, 2015,[1] due to severe agoraphobia with inability to handle everyday life; chronic active hepatitis C, severe discitis spinal infection, severe limp in right foot from 2 reconstructive surgeries, mental issues due to childhood trauma, and two severe herniated discs L4 & L5 from the discitis. (Tr. 195). An administrative hearing was held on February 6, 2019, at which Plaintiff appeared with counsel and testified. (Tr. 30-80).

By written decision dated December 19, 2019, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 12).

---

[1] At the administrative hearing held on February 6, 2019, Plaintiff, through his counsel, amended his alleged onset date to September 2, 2017. (Tr. 10, 38).

Specifically, the ALJ found Plaintiff had the following severe impairments: status post right ankle arthroscopy and hardware removal (2015); status post L5-S1 discitis with residual degenerative changes of the lumbar spine (includes disc protrusion at L4-L5); hepatitis C; anxiety and panic disorder; major depressive disorder; PTSD (post-traumatic stress disorder); and personality disorder. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 13). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> lift//carry 10 pounds occasionally and lift/carry less than 10 pounds frequently; and stand/walk 2 hours and sit 6 hours in an 8-hour workday with normal breaks. The claimant can push/pull in accordance with his lift/carry abilities. The claimant can occasionally climb ramps and stairs. The claimant can occasionally climb ladders, ropes, and scaffolds. The claimant can occasionally balance, stoop, kneel, crouch, and crawl. The claimant is able to perform work where interpersonal contact is incidental to the work performed. The claimant is limited to work where complexity of tasks is learned and performed by rote with few variables and little judgment and where supervision required is simple, direct, and concrete.

(Tr. 14-15). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a small products assembler, a document preparer, and a circuitry board inspector. (Tr. 22-23).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on June 22, 2020. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 2). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 15, 16).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be

affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs.  For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision.  Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice.  See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 30th day of April 2021.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE